1  Misty A. Murray (SBN 196870)
   mmurray@mail.hinshawlaw.com
2  HINSHAW & CULBERTSON LLP
   633 West 5th Street, 47th Floor
3  Los Angeles, CA 90071-2043
   Telephone: 213-680-2800
4  Facsimile: 213-614-7399

5  Attorneys for Plaintiff-in-Interpleader
   Metropolitan Life Insurance Company
6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11 METROPOLITAN LIFE INSURANCE      Case No. **2:16-cv-1093**
   COMPANY,
12
              Plaintiff-in-Interpleader,   ***REDACTED***
13                                         **COMPLAINT-IN-INTERPLEADER**
       vs.                                 **FILED BY PLAINTIFF-IN-**
14                                         **INTERPLEADER**
   OLGA TAKEUCHI, J█████               **METROPOLITAN LIFE**
15 T█████    and M█████              **INSURANCE COMPANY**
   T█████,                             [Docket 1]
16
              Defendants-in-Interpleader.
17

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

Plaintiff-in-Interpleader Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, hereby alleges as follows in its Complaint-in-Interpleader:

### I. PARTIES

1. Plaintiff-in-Interpleader MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. At all relevant times, MetLife is and has been duly licensed to transaction business in the State of California.

2. Upon information and belief, Defendant-in-Interpleader Olga Takeuchi is the surviving spouse of Ted T. Takeuchi (the "Decedent"), and resides in Northridge, California.

3. Upon information and belief, Defendant-in-Interpleader J████ T████ is a surviving son of the Decedent and resides in California.

4. Upon information and belief, Defendant-in-Interpleader M████ T████ is a surviving son of the Decedent and resides in California.

### II. JURISDICTION AND VENUE

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States, specifically the Federal Employees' Group Life Insurance Act, 5 USC §§8701, et seq. ("FEGLIA"). Also, this is an Interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36133263v1 2959

### III. FACTUAL BACKGROUND

7. The Decedent was covered under the Federal Employees' Group Life Insurance Policy (the "FEGLI Policy") issued by MetLife to the U.S. Office of Personnel Management ("OPM") pursuant to FEGLIA. The U.S. Office of Federal Employees' Group Life Insurance ("OFEGLI") is an administrative unit of MetLife responsible for administering the claims process of the FEGLI Policy.

8. All recordkeeping for retired employees under the FEGLI Policy is done by OPM. OFEGLI becomes involved only following the death of an insured. At that point, documents from the deceased's personnel file that are relevant to adjudication of claims for his or her life insurance benefits are forwarded to OFEGLI by the record keeper. OFEGLI then adjudicates the claim.

9. Federal law governs the payment of life insurance benefits payable under the FEGLI Policy. FEGLIA, 5 U.S.C. §8705, provides in pertinent part that:

> (a) Except as provided in subsection (e), the amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence
>
> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office.
>
> ...
>
> Second, if there is no designated beneficiary, to the widow or widower of the employee.
>
> Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation.

10. The most recent beneficiary designation form on file for the Decedent is dated December 10, 2014 (the "2014 Beneficiary Designation") and names Olga Takeuchi, J███ T███ and M███ T███ as the primary beneficiaries to

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

36133263v1 2959

1 each receive 100% of the FEGLI benefits. However, this makes the 2014
2 Beneficiary Designation ambiguous because each beneficiary cannot receive 100%
3 of the FEGLI benefits. A true and correct copy of the December 10, 2014
4 beneficiary designation form is attached hereto as Exhibit A.

5     11. The prior beneficiary designation form on file for the Decedent is dated
6 June 14, 1999 (the "1999 Beneficiary Designation") and names Olga Takeuchi, as
7 the sole primary beneficiary to receive 100% of the FEGLI benefits. A true and
8 correct copy of the 1999 Beneficiary Designation is attached hereto as Exhibit B.

9     12. The Decedent died on August 7, 2015. A true and correct copy of the
10 Decedent's death certificate is attached hereto as Exhibit C.

11     13. As a result of the Decedent's death, the life insurance benefits from his
12 coverage under the FEGLI Policy, in the total amount of ONE HUNDRED FORTY
13 FIVE THOUSAND DOLLARS ($145,000.00) (the "FEGLI Benefits"), became
14 payable to the proper beneficiary or beneficiaries.

15     14. On or about November 10, 2015, Olga Takeuchi submitted a statement
16 of claim for the FEGLI Benefits. A true and correct copy of the November 10, 2015
17 statement of claim is attached hereto as Exhibit D.

18     15. MetLife cannot determine whether a court would find that the 2014
19 Beneficiary Designation form is valid in light of it being an ambiguous designation
20 as set forth in paragraph 10 above.

21     16. If a court were to determine that the 2014 Beneficiary Designation was
22 valid, then the FEGLI Benefits would be payable to Olga Takeuchi, J███ T███
23 and M███ T███, in equal shares.

24     17. If a court were to determine that the 2014 Beneficiary Designation was
25 not valid, then the FEGLI Benefits would be payable to Olga Takeuchi, per the 1999
26 Beneficiary Designation.

27     18. MetLife cannot determine the proper beneficiary or beneficiaries of the
28 FEGLI Benefits at issue without risking exposure to double liability.

19. As a mere stakeholder, MetLife has no interest in the FEGLI Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said FEGLI Benefits should be paid.

20. MetLife is ready, willing and able to pay the FEGLI Benefits, in accordance with the terms of the FEGLI Policy, in such amounts and to whichever Defendant-in-Interpleader or Defendants-in-Interpelader the Court shall designate.

21. MetLife will deposit into the Registry of the Court the FEGLI Benefits, plus any applicable interest due and owing under the terms of the FEGLI Policy, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff-in-Interpleader MetLife requests the following relief:

(i) Restraining and enjoining the Defendants-in-Interpleader by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife for the recovery of FEGLI Benefits plus any applicable interest, by reason of the death of the Decedent;

(ii) Requiring that Defendants-in-Interpleader litigate or settle and adjust between themselves their claims for the FEGLI Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the FEGLI Benefits, plus any applicable interest should be paid;

(iii) Permitting MetLife to pay into the Registry of the Court the FEGLI Benefits, plus any applicable interest, and upon such payment dismissing MetLife with prejudice from this action, and discharging MetLife from any further liability for the FEGLI Benefits plus any applicable interest, payable as a consequence of the death of the Decedent; and

(iv) Awarding MetLife such other and further relief as this Court deems just equitable and proper.

| | | |
|---|---|---|
| 1 | DATED: August 4, 2016 | HINSHAW & CULBERTSON LLP |
| 2 | | |
| 3 | | By: /s/ Misty A. Murray |
| | | MISTY A. MURRAY |
| 4 | | Attorneys for Plaintiff-in-Interpleader |
| | | Metropolitan Life Insurance Company |